UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELLEARD B. HEFFERN, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) Case No. 4:08CV428 CDP |
| | ) |
| TRAVELERS PROPERTY CASUALTY CO. OF AMERICA, et al., | ) |
| | ) |
|     Defendants. | ) |
| ─────────────────────── | ) |
| | ) |
| ALOYSE CULVER MCSHANE, | ) |
| | ) |
|     Defendant/Third Party Plaintiff, | ) |
| | ) |
|     vs. | ) |
| | ) |
| FIREMAN'S FUND INSURANCE CO., | ) |
| | ) |
|     Third Party Defendant. | ) |

## **MEMORANDUM AND ORDER**

This is a case about lost jewelry. Aloyse McShane, a customer in Florida, hired Elleard Heffern, a jewelry store in Missouri, to repair her jewelry. After repairs, Heffern mailed the jewelry back to McShane in Florida. The jewelry never arrived. At some point after the loss was discovered, McShane selected different jewelry from Heffern's store, and submitted a claim to her insurance company, Fireman's Fund, for the difference between the new jewelry she selected

and the value of the jewelry that was lost.  Fireman's Fund paid the difference to McShane, and received, in exchange, a subrogation release from McShane, allowing Fireman's Fund to pursue a claim against Travelers Property Casualty Co., Heffern's insurance company.  Fireman's Fund then negotiated the claim with Travelers, and settled the claim for the lost jewelry.  Fireman's and Travelers signed a release of all claims, without mentioning McShane in the agreement.

McShane was under the impression that Heffern had offered her the new jewelry to offset the loss of her original jewelry.  Heffern disagreed with McShane's interpretation of events, and sued McShane for the price of the jewelry she selected from the store.  Heffern also sued its insurance company, Travelers, for the full value of the lost jewelry, a claim that Travelers disputes.  As a result of the original lawsuit against her, McShane has sued Fireman's Fund for negligence in negotiating the release with Travelers, alleging that leaving her out of the release subjected her to this lawsuit.

McShane's complaint against Fireman's Fund alleges two counts:  Count I is for breach of fiduciary duty and Count II is a negligence claim.  Fireman's fund has asked me to dismiss Count I.  Fireman's Fund argues that it did not owe McShane a fiduciary duty because, under Missouri law, there is no fiduciary duty between an insurer and an insured in a first-party claim under policies affording coverage for loss or damage to property.  McShane disagrees, arguing that this is

not a first-party claim arising out of the loss of jewelry. Rather, it is a third-party claim based on actions taken by Fireman's Fund after McShane and Fireman's had settled the first-party claim.

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). I have considered the arguments and legal authorities on both sides, and I find that, at this stage, McShane has alleged enough facts to state a claim for breach of fiduciary duty. Accordingly, I will deny Fireman's Fund's motion to dismiss Count I.

Fireman's Fund has also asked me to sever the third party claims from Heffern's claims against Travelers and McShane. In the interest of judicial economy, I decline to do so.

An amended Case Management Order, based on the scheduling conference held on March 4, 2009, will follow this Order.

Accordingly,

**IT IS HEREBY ORDERED** that third party defendant Fireman's Fund's motion to dismiss Count 1 [#26] is denied.

**IT IS FURTHER ORDERED** that third party defendant Fireman's Fund's motion to sever and for separate trial [#36] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of March, 2009.